UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DANNY R. MERRIWEATHER, | ) | CASE NO. 1:05 CV 896 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| REGINALD A. WILKINSON, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On April 5, 2005, plaintiff pro se Danny R. Merriweather filed this action under 42 U.S.C. §§ 1983, 1985(3), and 1986 against Ohio Department of Rehabilitation and Correction ("ODRC") Director Reginald Wilkinson, Richland Correctional Institution ("RiCI") Records Officer Sandy Shafer, ODRC Bureau of Sentence Computation Employee R. O'Donnell, Bureau of Sentence Computation Assistant Chief Karen K. Sorrell, Ohio Adult Parole Authority ("OAPA") Hearing Officer Eileen Colan, OAPA Chief Hearing Officer Olivia A. Karl, Ohio Inspector General Thomas P. Charles, and "John and Jane Does x 100." (Compl. at 2.) In the complaint, plaintiff alleges that the defendants have conspired to deprive him of due process and equal protection by failing to correct a sentencing error. He seeks declaratory, injunctive, and monetary relief.

### Background

Mr. Merriweather was indicted on December 8, 1992, in the Lorain County Court of Common Pleas, Case No. 92CR042780, for theft of a motor vehicle and theft. He initially entered a plea

of "not guilty;" but changed his plea to guilty on a charge of grand theft.  Sentencing was set for October 4, 1993.  On December 22, 1992, he was indicted in the Lorain County Court of Common Pleas, Case No. 92CR042922, for aggravated robbery and grand theft.  Again, he pled guilty to the charges.  Sentencing for this case was also set for October 4, 1993.  Mr. Merriweather did not appear for the sentencing and a capias was issued for his arrest.  He was eventually located and was sentenced on June 25, 1996 to one and one half years incarceration for grand theft in Case No. 92CR042780, and to four to ten years incarceration on the charges of aggravated robbery and one year incarceration on the charge of grand theft in Case No. 92CR042922.  The sentences in Case No. 92CR042922 were to run concurrent to each other but consecutive to the sentence he received for grand theft in Case No. 92CR042780.

In September 1993, Mr. Merriweather was indicted in the Lorain County Court of Common Pleas, Case No. 93CR044199, on a charge of vandalism.  The docket contains no entries from October 6, 1993 to January 23, 1996.  He was indicted for aggravated arson on July 11, 1995 in Case No. 95CR047484.  The two cases were consolidated for trial.  Mr. Merriweather was found guilty on both charges.  He was sentenced to 12 months incarceration for the vandalism charge.  The sentence he received for the aggravated arson conviction is the underlying basis for this complaint.

In fact, the docket reflects two different sentences for the offense of aggravated arson.  The first entry, signed by the trial judge and entered on the docket on January 27, 1997, reflects a term of five to fifteen years incarceration to be served concurrent to the sentence he received for vandalism, but consecutive to the four to ten year sentence he received for aggravated robbery in Case No. 92CR042922.  The second entry, signed by the trial judge and entered on the docket on the same day,

-2-

January 27, 1997, reflects a term of five to twenty-five years incarceration to be served concurrent to the sentence he received for vandalism, but consecutive to the four to ten year sentence he received for aggravated robbery in Case No. 92CR042922.  Mr. Merriweather indicates he initially was unaware of the differing docket entries and believed he was serving a five to fifteen year sentence.  He was released on parole in 2003.  When he was arrested on drug-related charges in February 2004, he learned he was being held on a five to twenty-five year sentence to be served consecutive to a maximum ten year sentence.

Since that time, Mr. Merriweather has made several attempts to have the journal entries corrected.  He contacted the ODRC, which referred him to the Bureau of Sentence Computation.  The Bureau of Sentence Computation, in turn, sent a letter to the trial judge stating that it had two conflicting journal entries, and if it did not hear from the judge, it would assume the sentence is five to twenty-five years.  The trial judge did not respond to the letter.  The Parole Board would not assist him with his request and again referred him to the Bureau of Sentence Computation.

Mr. Merriweather has filed this action seeking this court's assistance in this matter.  He states that he is not asking this court to evaluate the validity of the sentence(s).  He contends he  is suing the defendants for choosing to enforce one sentence over the other.  He asserts that only the trial judge has the authority to make that determination.  He claims the defendants conspired together to enforce the longer sentence thereby denying him due process and imposing an excessive sentence under the Eighth Amendment.  Mr. Merriweather seeks an order restraining the defendants from enforcing the longer sentence, and monetary damages.

*Analysis*

-3-

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

Mr. Merriweather cannot file a civil rights action to challenge the length of his sentence. When a prisoner challenges "the very fact *or duration* of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)(*emphasis added*). Although Mr. Merriweather protests that he is not challenging his sentences, he asks this court to enjoin enforcement of the five to twenty-five year sentence.  To do that, the court would have to first determine that the five to twenty-five year sentence was invalid.  That remedy is available only through habeas corpus.[2]  Id.

Moreover, Mr. Merriweather cannot proceed with civil rights claim charging that the defendants wrongfully adhered to the longer sentence until that sentence has been declared invalid.  A

---

[1]    An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[2]    There is no indication that Mr. Merriweather exhausted his state court remedies as required by 28 U.S.C. § 2254.  He may still be able, at a minimum, to file a Motion in the trial court to correct the judgment entry.

-4-

prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his sentence, unless the sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Plaintiff does not allege the five to twenty-five year sentence has been declared invalid by either an Ohio state court or a federal habeas corpus decision. His claims that the defendants violated his constitutional rights by enforcing this sentence are therefore premature.[3]

### *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

Date:          July 14, 2005                    /s/ Christopher A. Boyko
                                                CHRISTOPHER A. BOYKO
                                                UNITED STATES DISTRICT JUDGE
                                                Original signature on file

---

[3]     Mr. Merriweather's reference to Dotson v. Wilkinson, 125 S. Ct. 1242 (2005) is misplaced. In Dotson, the United States Supreme Court determined that a prisoner could challenge the procedures used to determine eligibility for parole without directly challenging the fact or duration of his confinement. A judgment in the prisoner's favor would only guarantee him a new parole hearing at which time the board was still free to grant or deny parole. Mr. Merriweather's situation is factually distinct. He is not challenging the procedures used to deny his eligibility for parole. He is challenging the length of his sentence. A favorable decision on this issue would certainly affect the duration of his confinement or potential confinement in the event he is released on parole.

[4]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

-5-